IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERTO GONZALES GARCIA, 696856,  ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:07-CV-1048-L |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
|     Respondent. ) | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

## II. Background

On May 18, 1994, Petitioner was convicted of murder and was sentenced to life in prison. *State of Texas v. Roberto Gonzales Garcia*, F93-45381-IQ, (204th Dist. Ct., Dallas County, Tex., May 18, 1994). On July 19, 1995, the Fourth District Court of Appeals affirmed the conviction.

*Garcia v. State*, No. 04-94-00608-CR. Petitioner did not file a petition for discretionary review.

On April 25, 2005, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Garcia*, No. 58,742-02. On January 10, 2007, the Court of Criminal Appeals denied the petition.

On April 5, 2007, Petitioner filed this federal petition for habeas relief. Petitioner argues: (1) he received ineffective assistance of trial and appellate counsel; and (2) he is actually innocent. On June 28, 2007, the Court ordered Petitioner to show cause why this petition should not be dismissed as barred by limitations. On July 26, 2007, Petitioner filed his response. The Court now finds the petition should be dismissed as time-barred.

## II. Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]The statute provides that the limitations period shall run from the latest of--

>(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

Petitioner's conviction was affirmed on July 19, 1995. He did not file a petition for discretionary review. His conviction therefore became final thirty days later on August 18, 1995. *See* Tex. R. App. P. 26.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).

Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not file his state petition until April 25, 2005.

---

the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**     Page -3-

This petition was filed after the limitations period expired, and did not toll the limitations period.

Petitioner was required to file his federal habeas petition by April 24, 1997. He did not file his petition until April 5, 2007. His claims are therefore untimely.

**B.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to equitable tolling because: (1) his trial and appellate attorneys abandoned him during crucial proceedings; (2) he speaks only Spanish; (3) he is actually innocent; (4) prisoners who help him prepare his petitions often transfer to other prison units prior to completing his legal work; and (5) his conviction violates international law.

Petitioner claims his trial and appellate attorneys were ineffective. He argues his trial counsel abandoned him during his motion for new trial because counsel failed to call a witness to testify and failed to offer an affidavit into evidence. He also argues his appellate counsel

wrongfully filed an *Anders*[2] brief. Petitioner's claims do not establish a basis for equitable tolling. As the Fifth Circuit has stated:

> Whether [petitioner] had effective assistance of counsel on direct appeal in state court is not relevant to the question of the tolling the AEDPA's statute of limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations.

*Molo v. Johnson*, 207 F.3d 773,775 (5th Cir. 2000); *see also, Moore v. Cockrell*, 313 F.3d 880 (5th Cir. 2002) (finding counsel's delay in notifying petitioner of the result of the direct appeal does not constitute a basis for equitable tolling); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.").

Further, the fact that Petitioner speaks only Spanish does not equitably toll the limitations period, nor does his lack of knowledge about the law, or his claim of actual innocence. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, illiteracy, lack of legal training and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations); *United States v. Morfin*, 2007 WL 837276, No. 3:06-CV-2301-M (N.D. Tex. March 20, 2007) (finding failure to speak English is not an extraordinary circumstance justifying equitable tolling); *Zinsoue v. Dretke*, 2004 WL 2381243, No. 4:04-CV-566-A (N.D. Tex. Oct. 22, 2004) (same). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

---

[2]*Anders v. California*, 386 U.S. 738 (1967).

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 25th day of November, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).